[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown by complaint returnable December 13, 1994. She also sought custody and support for the minor children, alimony, and other relief as on file. The defendant husband filed no answer or cross complaint. Both parties were represented by counsel and testified. Each spouse submitted financial affidavits and written proposed orders. A child support guidelines worksheet was submitted, and numerous documentary materials were introduced into evidence.
Prior to the taking of evidence, the parties advised the court that they had reached an agreement on a number of issues. These included joint custody and residence of their minor children, child support, waiver of alimony, health insurance and distribution of certain personal property, including household furnishings and motor vehicles, and real CT Page 3894 property. They also stipulated that their marriage had broken down irretrievably, that there was an arrearage due the wife from the husband of $1,350 for child support as of the date of trial, February 21, 1996, and an additional amount due her on account of a prior pendente lite order of $2,249.56.
The parties continued to be divided on other issues, including additional child support claimed to be past due, or, in the alternative, a portion of the defendant's worker's compensation award; attorney's fees, the division of a certain bank account; the violation by the defendant of an order enjoining the dissipation of certain funds, the distribution of a pending and unliquidated personal injury cause of action and the allocation of the children's dependency exemptions for income tax purposes.
The parties filed posttrial briefs.
From the evidence, the court finds as follows.
The parties were married to each other July 17, 1982, in Norwich, Connecticut. The wife's birth name was Debra Peck. Only the following minor children were born to the wife, all of whom are issue of the marriage: Jeremiah Markham Paquette, born November 6, 1983; Amber Marie Paquette, born May 13, 1985; and Christopher Duane Paquette, born November 28, 1988. Neither party or any of the children are on public assistance, all statutory stays have expired, and this court has jurisdiction.
With respect to fault for the breakdown of this couple's marriage, I cannot find from the evidence that either party should shoulder more of the responsibility than the other. The wife does have a boyfriend, and it is abundantly clear that the marriage has irretrievably broken down.
The wife is 35 years of age, in good health and works as a licensed practical nurse in a local rehabilitative institution. She earns $555[1] per week gross and $460 per week net. She is a high school graduate with nursing training. The husband is 36 years old, a high school graduate by equivalency, and worked as a grinder at Electric Boat earning about $600 per week gross for a 40 hour week. He has sustained several compensable injuries on the job, including one that kept him out of work for one and one half years, and was out on worker's compensation at the time of trial. He now receives $401 net per CT Page 3895 week in temporary disability benefits. He received a 10 percent disability rating for his back in 1994, and obtained an award of $395 per week for 52 weeks, of which 15 percent was expended for attorney's fees. He suffers from disc problems in his lumbar and cervical spine. He also received a settlement of $20,000 as a result of a personal injury claim. He netted about $12,000 after the reimbursement of a `no fault' lien, attorney's fees and costs. A substantial portion of the net proceeds from these settlements were used by the defendant for family purposes.
The defendant has a residual underinsured motorist's claim pending, which has a, maximum gross recovery, if successful, of $80,000. This claim is not reported or valued on his financial affidavit, nor was there sufficient evidence to approximate its value.
The parties have accumulated modest assets during their marriage. These include the family owned dwelling, 41 Golden Road, Montville, Connecticut, which has a value of $105,000, less mortgages which have balances totalling $99,000, and an equity therefore of $6,000. The house was purchased with the assistance of a $20,000 gift from the wife's parents.
They also have an unimproved lot in Florida worth $20,000, which was purchased by means of a second mortgage on the dwelling. As will be seen, the parties have agreed upon the disposition of this property and allocation of the mortgage debt. They also have their motor vehicles which are free of liens; a boat valued at $1,200; and three AKC dogs valued at $1,050. The wife has bank accounts of $38; the husband of $4,607.
Neither party reports the present value of any retirement or pension benefits or of their tangible personal property. The husband is vested in his which will provide him with $381 per month at age 65. The husband is in violation of several court orders; this casts doubt on his credibility.
It is well settled that the proceeds of personal injury actions (including pending worker's compensation awards) are part of the marital estate. Raccio v. Raccio, 41 Conn. Sup. 115
(1987); Tyc v. Tyc, 40 Conn. App. 502 (1996). General Statutes § 46b-81 (a) provides that in a dissolution action, the court may assign to either spouse "all or any part of the estate of the other." "The statute does not limit, either by timing or CT Page 3896 method of acquisition or by source of funds, the property subject to a trial court's broad allocative power." Krafick v.Krafick, 234 Conn. 783, 792 (1995). Thus, it is evident that the defendant's personal injury action, though unliquidated and contingent, is property subject to assignment by the court within the ambit of § 46b-81.
The following additional findings are made.
Arrearages of past due child support of $1,350 and $2,249.56 on account of a prior order are due the plaintiff from the defendant, together with any amounts due the plaintiff on account of the current child support order from and after February 21, 1996 (the date of trial) to the date of this decree.
There was insufficient credible evidence to enable the court to determine the parties' annual earnings during the marriage and the quantitative extent of their monetary and nonmonetary contributions to the marriage and marital estate.
The parties have comparable earning capacity, and thus, like opportunities to acquire capital assets and income in the future. They have comparable vocational skills and employability.
The father's presumptive child support obligation, according to the child support and arrearage guidelines (eff. June 1, 1994), for the parties' three minor children is $167 per week.
The partial agreement the parties have reached and reported to the court was entered into knowingly, understandingly and voluntarily. The court finds it to be fair and equitable and approves it; it shall become part of the file.
The court has considered all of the evidence in the light of its findings. It has also considered all of the statutory factors in General Statutes §§ 46b-62, 46b-81, 46b-82
and 46b-84 in the determination of the orders set forth below. I have also considered the taxable consequences and implications of said awards, and the consequences of the financial awards provided in said partial agreement.
Accordingly, judgment shall enter dissolving the CT Page 3897 marriage on the ground of irretrievable breakdown. The following orders shall also enter.
(1) The parties shall have joint legal custody of the minor children; primary residence with mother. The father shall have access with them one weekend day per week from 9 a.m. to 9 p.m., and commencing at the end of the current school year, alternating weekends from Fridays 5 p.m. through Sundays 5 p.m. He shall not consume alcohol during visitation; and the parties will consult on all issues relating to the rearing of the children, excepting religious matters.
(2) The defendant shall pay child support in the amount of $167 per week, in the aggregate, for the three minor children, to be secured by immediate wage garnishment. Payments are to be made directly to the plaintiff.
(3) No alimony is awarded to either party.
(4) Each party will maintain health and medical insurance for the benefit of the children, as available through their respective employment, and share equally all uncovered or unreimbursed health expenses for said children. An order pursuant to General Statutes § 46b-84 (d) shall enter.
(5) The defendant shall have hand and pellet guns and other personal property described in the `partial agreement;' the wife shall have the shotgun.
(6) The defendant shall transfer, by quitclaim deed, all his right, title and interest in and to the jointly owned marital dwelling located at 41 Golden Road, Montville, Connecticut, to the wife, subject to the first mortgage thereon, which she shall pay and save the defendant harmless.
(7) The plaintiff shall transfer, by quitclaim deed, all her right, title and interest in and to the jointly owned lot in Florida to the defendant, who shall pay and save the plaintiff harmless from the second mortgage on the Montville dwelling. Said mortgage has a present outstanding principal balance of approximately $22,000. The defendant will execute and deliver a note secured by mortgage deed on the Florida premises to secure this obligation. The terms and conditions of the mortgage note and deed shall be identical to the second mortgage on the Montville dwelling, which the defendant shall CT Page 3898 make reasonable efforts to finance. He shall be entitled to release of the Florida mortgage when the second mortgage is paid in full. If the wife sells the dwelling, he shall continue to repay her according to the terms of the note and mortgage.
(8) The wife shall be able to claim the oldest and youngest children as dependency exemptions for the calendar years 1995 and 1996. The husband may claim the middle child in 1995 and 1996. Thereafter, the parties shall each claim one child and alternate the third child, with the wife claiming the third child in odd numbered years, and the husband in even numbered years. The husband may only have the benefit of any exemption if he is current on his child support at the end of a calendar year. When only one child remains available for exemption, the parties' claims of exemption shall continue to alternate as aforesaid in succeeding years.
(9) The wife shall take and have the Plymouth motor vehicle; the husband, the Ford, the boat and motor and the dogs.
(10) The arrearages of $1,350 and $2,229, together with any additional arrearages, shall be paid as follows: $1,000 forthwith, and the balance at the rate of $30 per week until paid, secured by immediate wage garnishment.
(11) The defendant's retirement/pension plan benefit and any pending worker's compensation award are assigned to him.
(12) The Norwich Savings Society bank account of approximately $4,600 shall be divided equally. Each shall have his or her other bank accounts.
(13) Each party is ordered to irrevocably designate until age 19, the minor children as equal beneficiaries of their employment related life insurance. Each shall execute and deliver an authorization to the other spouse so that such spouse may obtain information as to the status of said policy.
(14) The plaintiff is awarded 20 percent of the net proceeds of the defendant's underinsured motorist's award. Net proceeds of the award shall be defined as sum remaining from the gross settlement, judgment or recovery, less attorney's fees and reasonable costs. Any recovery by the wife of a consortium claim shall be credited against said 20 percent interest. A judicial lien is ordered and may be served on defendant's CT Page 3899 attorney and the underinsured motorist's insurance carrier to secure the interest of the plaintiff. The balance of the recovery shall belong to the defendant.
(15) All documents necessary or incidental to effectuate the orders herein, including the decree, shall be completed and exchanged within thirty (30) days hereof.
Teller, J.